UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARLENE CARR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | ) Case No: 5:22-cv-00782-JD |
| | ) |
| HL MOTOR GROUP, INC., | ) |
| HIGHLIGHT MOTOR FREIGHT USA, INC., | ) |
| OLD REPUBLIC INSURANCE COMPANY, | ) |
| GALLAGHER BASSETT SERVICES, INC., | ) |
| and OGNJEN MILANOVIC, | ) |
| | ) |
|    Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Defendants, HL Motor Group, Inc. ("Highlight"), Highlight Motor Freight USA, Inc., Old Republic Insurance Company ("Old Republic") Gallagher Bassett Services, Inc. ("Gallagher Bassett") and Ognjen Milanovic ("Mr. Milanovic"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Answer and Affirmative Defenses to the Plaintiff's Complaint, state as follows:

    1.    This Court has personal jurisdiction over Defendants.

**ANSWER:** Defendants make no answer to the averments of Paragraph 1 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

2. This Court has subject matter jurisdiction.

**ANSWER:** Defendants make no answer to the averments of Paragraph 2 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

3. This Court is a proper venue.

**ANSWER:** Defendants make no answer to the averments of Paragraph 3 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

## Count I - Negligence

4. On or about August 8, 2020, Defendants were negligent and reckless in the operation of a motor vehicle, causing a massive collision of a semi-truck and trailer into the home of Plaintiff, which is located in Canadian County, Oklahoma.

**ANSWER:** Defendants deny the averments contained in Paragraph 4 of plaintiff's Complaint.

5. Plaintiff brings this cause of action against Ognjen Milanovic ("Milanovic") because he chose to drive negligently and recklessly in Canadian County, Oklahoma, which resulted in serious damage to the home of Plaintiff, and for Plaintiff to incur expenses which have not been reimbursed to her.

**ANSWER:** Defendants deny the averments contained in Paragraph 5 of plaintiff's Complaint.

6. Plaintiff brings this cause of action against HL Motor Group, Inc. ("HL Motor Group") because Milanovic is believed to have been within the course and scope of his employment and/or agency with HL Motor Group at the time he caused damage to Plaintiff's home leading to numerous out-of-pocket expenses paid by Plaintiff, and because HL Motor Group is believed to be the registered owner of the vehicle driven by Defendant, Milanovic.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but lack sufficient knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 6 of plaintiff's Complaint.

7. Plaintiff brings this cause of action against Highlight Motor Freight USA, Inc. ("HL Motor Freight") because Milanovic is believed to have been within the course and scope of his employment and/or agency with HL Motor Freight at the time he caused damage to Plaintiff's home leading to numerous out-of-pocket expenses paid by Plaintiff, and because HL Motor Freight is believed to be the registered owner of the vehicle driven by Defendant, Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 7 of plaintiff's Complaint.

8. Plaintiff brings this cause of action against Old Republic Insurance Company because it insured the other named Defendants on the date of the collision.

**ANSWER:** Defendants admit that Old Republic insured defendants but deny that it was negligent or caused plaintiff's injuries.

9. Plaintiff brings this cause of action against Gallagher Bassett Services, Inc. ("Gallagher Bassett") because it is the agent/third-party administrator for Old Republic Insurance Company.

**ANSWER:** Defendants admit that Gallagher Bassett is a third-party administrator for defendants but deny that it was negligent or caused plaintiff's injuries.

10. Milanovic is the driver who caused damage to Plaintiffs home causing her to incur significant expenses for which she has not been reimbursed, and is believed to reside in Ontario, Canada.

**ANSWER:** Defendants admit that Mr. Milanovic is a citizen and resident of Ontario, Canada and that, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but deny the remaining averments contained in Paragraph 10 of plaintiff's Complaint.

11. HL Motor Group, a company that Milanovic is believed to have acted on behalf of and who is believed to own the vehicle Milanovic was operating at the time of the collision, is a corporation operating out of and is believed to be headquartered in Ontario, Canada.

**ANSWER:** Defendants admit the averments contained in Paragraph 11 of plaintiff's Complaint.

12. HL Motor Freight, a company that Milanovic is believed to have acted on behalf of and who is believed to own the vehicle Milanovic was operating at the time of the collision is a corporation operating out of and is believed to be headquartered in Ontario, Canada.

**ANSWER:** Defendants deny the averments contained in Paragraph 12 of plaintiff's Complaint.

13. Old Republic Insurance Company, the insurance company for the other Defendants is a corporation headquartered in the State of Wisconsin.

**ANSWER:** Defendants deny the averments contained in Paragraph 13 of plaintiff's Complaint.

14. Gallagher Bassett, the agent/third-party administrator for Old Republic Insurance Company, is a corporation headquartered in the State of Iowa.

**ANSWER:** Defendants deny the averments contained in Paragraph 14 of plaintiff's Complaint.

15. At the time of the collision, Milanovic, while in the course and scope of his employment and/or agency with HL Motor Group and HL Motor Freight, chose to operate a semi-tractor and trailer negligently and recklessly on in Yukon, Canadian County, Oklahoma, in violation of Oklahoma law and with reckless disregard for the safety of all Oklahomans.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but deny the remaining averments contained in Paragraph 15 of plaintiff's Complaint.

16. As a direct and proximate result of the foregoing, Milanovic, HL Motor Group, HL Motor Freight and Old Republic Insurance Company caused a collision into the home of Plaintiff which resulted in significant damage to Plaintiffs home and caused Plaintiff to incur significant expenses, which have not been reimbursed to Plaintiff.

**ANSWER:** Defendants deny the averments contained in Paragraph 16 of plaintiff's Complaint.

17. All damages caused by Milanovic were caused while he is believed to have been within the course and scope of his employment and/or agency and/or joint mission for HL Motor Group and HL Motor Freight.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time of the incident giving rise to this action but deny the remaining averments contained in Paragraph 17 of plaintiff's Complaint.

18. HL Motor Group, HL Motor Freight, Old Republic Insurance Company and Gallagher Bassett are liable for all damages caused by Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 18 of plaintiff's Complaint.

19. HL Motor Group and HL Motor Freight negligently hired, trained and supervised Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 19 of plaintiff's Complaint.

20. HL Motor Group and HL Motor Freight had a duty to ensure Milanovic was a safe and prudent driver before allowing Milanovic to operate a semi-tractor and trailer upon public roadways. HL Motor Group and HL Motor Freight breached this duty.

**ANSWER:** Defendants make no answer to the averments of Paragraph 20 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

21. HL Motor Group and HL Motor Freight were negligent and reckless separate and independent of Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 21 of plaintiff's Complaint.

22. HL Motor Group and HL Motor Freight negligently and recklessly entrusted its semi-tractor and trailer to Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 22 of plaintiff's Complaint.

23. At all times material to this case, Milanovic, HL Motor Group and HL Motor Freight acted with reckless disregard for the safety and property of Oklahomans, including Plaintiff.

**ANSWER:** Defendants deny the averments contained in Paragraph 23 of plaintiff's Complaint.

24.     As the insurer for Milanovic, HL Motor Group and HL Motor Freight, Old Republic Insurance Company is liable for all damages described herein.

**ANSWER:**  Defendants make no answer to the averments of Paragraph 24 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied.  To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

25.     As the agent/third-party administrator for Milanovic, HL Motor Group and HL Motor freight, Gallagher Bassett is liable for all damages described herein.

**ANSWER:**  Defendants make no answer to the averments of Paragraph 25 of plaintiff's Complaint, since it states conclusions of law rather than allegations of fact that can be admitted or denied.  To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

26.     As a direct result of the events described herein, Plaintiff incurred damages in an amount less than $75,000.

**ANSWER:**  Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 26 of plaintiff's Complaint.

27.     The actual damage categories for the jury to determine in this case are the following:
   a.   Out of pocket expenses incurred by Plaintiff for items listed on the attached Claims Summary, specifically, Unreimbursed Losses and Expenses.
   b.   Other damages to be set forth at the conclusion of discovery.

**ANSWER:**  Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 27 of plaintiff's Complaint.

WHEREFORE, Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Old Republic Insurance Company, Gallagher Bassett Services, Inc. and Ognjen Milanovic, deny that they are liable to the plaintiff in any amount whatsoever, and pray that judgment be entered in its favor, and against the plaintiff, on plaintiff's Complaint, and awarding their costs incurred in defending this action.

## Affirmative Defenses

For their Affirmative Defenses to Plaintiff's Complaint, Defendants, HL Motor Group, Inc. ("Highlight"), Highlight Motor Freight USA, Inc., Old Republic Insurance Company ("Old Republic") Gallagher Bassett Services, Inc. ("Gallagher Bassett") and Ognjen Milanovic ("Mr. Milanovic"), state as follows:

### First Affirmative Defense – Unavoidable Accident

1. On August 8, 2020, Mr. Milanovic, while employed by and driving a Highlight tractor-trailer, lost consciousness as the result of a sudden medical emergency (the "incident").

2. As a result of the loss of consciousness, Mr. Milanovic was unable to operate his vehicle.

3. The sudden loss of consciousness made it impossible for Mr. Milanovic to operate and control his vehicle.

4. At the time of the incident, Mr. Milanovic had no reason to anticipate that he could or would experience a sudden loss of consciousness.

5. Prior to the incident, Mr. Milanovic had never experienced a sudden loss of consciousness.

6. Prior to the incident, Mr. Milanovic, who was a licensed commercial driver, passed every Commercial Driver Medical Certification Examination ("CDME") that he was required to take.

7. On August 8, 2020, Mr. Milanovic was up to date on his required CDME and certified as fit to drive.

8. At the time of the incident, Mr. Milanovic's vehicle was not traveling in excess of the mandatory speed limit nor was he violating any statute, rule, regulation or operating procedure.

9. In the event defendants are found to be negligent, which allegations are specifically denied, then defendants will prove that said negligence is excused by actions not of defendants own making, including but not limited to, the occurrence of an Unavoidable Accident.

10. Pursuant to Oklahoma law, when the operator of a motor vehicle is suddenly stricken by a period of unconsciousness for which he has no reason to anticipate and which renders it impossible for him to control the vehicle that he is operating, the driver is not chargeable with negligence or negligence *per se* as to such lack of control.

11. Pursuant to Oklahoma law, the Unavoidable Accident Defense is a complete defense to an action based on the asserted negligence of a defendant driver of a motor vehicle.

12. As such, the Unavoidable Accident that rendered Mr. Milanovic unconscious, which was unforeseeable, bars plaintiffs' claims against defendants.

### Second Affirmative Defense

13. Plaintiff avers a negligence claim against Highlight for failing to act reasonably in hiring, instructing, training, supervising and retaining Mr. Milanovic.

14. As a matter of law, by enrolling in a license-monitoring program, Highlight exercised reasonable care in monitoring Mr. Milanovic's driving record as required by 49 CFR 391.25 to determine whether she met the minimum requirement for safe driving.

### Third Affirmative Defense – Punitive Damages

15. Plaintiff avers that he is entitled to punitive damages.

16. Defendants deny that plaintiff is entitled to punitive relief whatsoever and deny they acted in a reckless, deliberate, malicious, conscious disregard, wanton and/or willful manner relative to plaintiff.

### Additional Affirmative Defenses

17. Defendants rely on all defenses, limitations and set offs provided under law including all defenses available under Oklahoma and Federal statutes, rules, regulations and procedures.

18. Defendants reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to defendants during the course of investigation, discovery and/or trial of this matter.

WHEREFORE, Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Old Republic Insurance Company, Gallagher Bassett Services, Inc. and Ognjen Milanovic, request that judgment be entered in their favor and against the plaintiff on their Affirmative Defenses.

Respectfully submitted,

By: /s/ *Michael T. Franz*
One of Defendants' Attorneys

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
Michael.Franz@lewisbrisbois.com
(312) 463-3329 Phone
(312) 345-1776 Facsimile

Date: September 4, 2022

*Attorneys for Defendants*

75944-45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARLENE CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 5:22-cv-00782-JD |
| | ) |
| HL MOTOR GROUP, INC., | ) |
| HIGHLIGHT MOTOR FREIGHT USA, INC., | ) |
| OLD REPUBLIC INSURANCE COMPANY, | ) |
| GALLAGHER BASSETT SERVICES, INC., | ) |
| and OGNJEN MILANOVIC, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF INSUFFICINET KNOWLEDGE

Under penalties as provided by law, being first duly sworn on oath, depose and state that I am a member of the firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys for defendants herein, and further, that I have read the foregoing Defendants' Answer to Plaintiff's Complaint and the statements therein, including those regarding insufficient knowledge, and that said statements are true and correct to the best of my knowledge and belief:

Michael T. Franz                                     Respectfully submitted,
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Michael.Franz@lewisbrisbois.com
(312) 463-3329 Phone
(312) 345-1776 Facsimile                           By: /s/ *Michael T. Franz*
                                                          One of Defendants' Attorneys

Date: September 4, 2022

*Attorneys for Defendants*

75944-45

## Certificate of Service

I hereby certify that I electronically filed Defendants' Answer and Affirmative Defenses via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record.

/s/ *Michael T. Franz*