# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARLENE CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-22-782-F |
| | ) |
| HL MOTOR GROUP, INC., | ) |
| HIGHLIGHT MOTOR FREIGHT | ) |
| USA, INC., OLD REPUBLIC | ) |
| INSURANCE COMPANY, | ) |
| GALLAGHER BASSETT | ) |
| SERVICES, INC., and OGNJEN | ) |
| MILANOVIC, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On September 9, 2022, defendants removed the above-entitled action to this court. The alleged basis in the Notice of Removal (Notice) for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332(a). Doc. no. 1, ¶ 18. However, upon review of the Notice, the court concludes that the jurisdictional allegations with respect to the amount in controversy are insufficient to establish diversity jurisdiction.[1]

The Notice alleges that "Plaintiff generally avers that she suffered property damage resulting from an August 8, 2020 motor vehicle collision in Oklahoma City, Oklahoma when a vehicle owned by HL Motor Group, Inc. and/or Highlight Motor

---

[1] The court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Freight USA, Inc. and operated by Mr. Milanovic struck her home." Doc. no. 1, ¶ 2 (citing doc. no. 1-1, ¶ 16). It also alleges that "Plaintiff further avers that said collision cause[d] 'significant damage to Plaintiff's home and caused Plaintiff to incur significant expenses, which have not been reimbursed to Plaintiff.'" Doc. no. 1, ¶ 3 (quoting doc. no. 1-1, ¶ 16). The Notice further alleges that "the amount in controversy exceeds $75,000.00, exclusive of costs." *Id.*, ¶ 19.[2]

In her petition, plaintiff does aver that the collision resulted in serious damage to her home and caused plaintiff to incur expenses which have not been reimbursed to her. And she avers that her actual damages are "[o]ut of pocket expenses incurred by Plaintiff for items listed on the attached Claims Summary, specifically, Unreimbursed Losses and Expenses"[3] and "[o]ther damages to be set forth at the conclusion of discovery." Doc. no. 1-1, ¶ 27. However, plaintiff avers that she "incurred damages in an amount less than $75,000," *see*, *id.*, ¶ 26, and in her prayer for relief, she demands judgment against defendant for an amount "less than $75,000" in damages. *Id*.

The court recognizes that "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). However, the Notice, as pled, does not provide a plausible allegation that the amount in controversy exceeds the jurisdictional threshold since it is based solely on plaintiff's averments in the petition regarding her damages, but plaintiff avers that she incurred damages less than $75,000 in damages and she demands less than $75,000 for her damages.

---

[2] Section 1332 of Title 28 of the United States Code requires "the matter in controversy exceed[] the sum or value of $75,000, exclusive of *interest and costs*[.]" (Emphasis added).

[3] The Claims Summary is not attached to the Petition submitted with the Notice.

Accordingly, defendants are **DIRECTED** to file an amended notice of removal, within ten days of the date of this order, which provides the missing jurisdictional information with respect to the amount in controversy, as of the time of removal, to establish diversity jurisdiction.[4]  *See*, 14C Wright & Miller, Federal Practice and Procedure § 3733 (Rev. 4th ed. 2022) (an amendment of the removal notice may clarify the jurisdictional amount).

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 20th day of October, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0782p002.docx

---

[4] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.