IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARLENE CARR, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> HL MOTOR GROUP, INC., ) <br> HIGHLIGHT MOTOR FREIGHT ) <br> USA, INC., OLD REPUBLIC ) <br> INSURANCE COMPANY, ) <br> GALLAGHER BASSETT ) <br> SERVICES, INC., and OGNJEN ) <br> MILANOVIC, ) <br> ) <br> Defendants. ) | Case No. CIV-22-782-F <br><br> (District Court of Canadian County, Case No. CJ-2022-446) |

## ORDER

On October 20, 2022, the court entered an order directing defendants to file an amended notice of removal to provide the missing jurisdictional information with respect to the amount in controversy, as of the time of removal, to establish diversity jurisdiction. Doc. no. 18.

The court is in receipt of defendants' Amended Notice of Removal (Amended Notice). Doc. no. 19. Defendants allege that prior to removal of this action, two other cases were removed to this court, Case Nos. CIV-22-699-F and CIV-22-752-F, averring the same facts and similar property damages to those averred in this case, and both of those cases averred damages in excess of $75,000.00. Defendants however acknowledge, as previously pointed out in the court's October 20th order, that the plaintiff in this case avers damages in an amount not in excess of $75,000.00. Nonetheless, defendants state that they have filed motions to consolidate all three

cases, and if the cases proceeded as separate lawsuits, the costs to the parties involved would be greatly increased. Defendants point out that neither the plaintiff in this case nor the plaintiffs in the companion cases have opposed the motions to consolidate. Defendants then summarily allege that "the amount in controversy of the three cases exceeds $75,000.00." Doc. no. 19, ¶ 26.

The court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). However, upon review of all allegations in the Amended Notice, the court finds that defendants again fail to plausibly allege that the amount in controversy in this case exceeds $75,000.00.

Although defendants allege that the other two removed cases alleged damages in excess of $75,000.00, the court notes that one of those cases, Case No. CIV-22-752-F, is brought by Ms. Carr's insurance company, which is seeking to recover $137,472.83 in payments made to Ms. Carr under a homeowners insurance policy. In this action, Ms. Carr is seeking to recover out-of-pocket expenses she incurred that were not reimbursed. But unlike her insurance company, Ms. Carr avers that she has incurred damages in an amount less than $75,000.00. And defendants do not provide any plausible allegations to indicate that the amount in controversy in this case exceeds $75,000.00.

While defendants seek to consolidate three cases, the court notes that it has not yet ruled on the merits of such motions. Further, it is well-established that multiple plaintiffs, with separate and distinct claims, cannot aggregate their claims for amount in controversy purposes. Each plaintiff must individually satisfy the amount in controversy requirement. *See*, Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 897-898 (10th Cir. 2006).

Because defendants have not plausibly alleged that the amount in controversy in this case exceeds the sum of $75,000,00, exclusive of interests and costs, the court concludes that it lacks subject matter jurisdiction over the action. Accordingly, the above-entitled action is **REMANDED** to state court pursuant to 28 U.S.C. § 1447(d).

IT IS SO ORDERED this 27th day of October, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0782p003.docx